℠JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Whitford Worldwide Company

## DEFENDANTS
Nanochem Technologies, LLD and
GMM Development Limited

**(b)** County of Residence of First Listed Plaintiff: Chester Cty, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Elkhart Conty, IN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Edward T. Kang, Esq./ Benjamin E. Schmidt, Esq.
Weir & Partners LLP, The Widener Bldg., Ste. 500
Phila., PA 19107 - 215-665-8181

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. Section 271
Brief description of cause:
Patent infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Greater than $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 11/29/2010
SIGNATURE OF ATTORNEY OF RECORD: Edward T. Kang, Esq.

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.  Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WHITFORD WORLDWIDE COMPANY | : CIVIL ACTION |
| Plaintiff, | : |
| | : NO. |
| v. | : |
| NANOCHEM TECHNOLOGIES, LLC and GMM DEVELOPMENT LIMITED | : ***Jury Trial Demanded*** |
| Defendants. | : |

## **COMPLAINT**

Plaintiff, Whitford Worldwide Company, by and through its undersigned counsel, brings this Complaint against the above-referenced Defendants and in support thereof avers as follows:

### JURISDICTION AND VENUE

1.  This Complaint involves, *inter alia*, claims for patent infringement arising under the patent laws of the United States, Title 38, United States Code and this Court has jurisdiction over those claims under 28 U.S.C. § 1338, which directs that District Courts shall have original jurisdiction of any civil action arising under any act of Congress relating to patents.

2.  Venue is proper in this District under and pursuant to 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1391(b) in that Defendants had continuing and substantial contacts as well as a number of the acts, practices, and events giving rise to the claims alleged in this Complaint occurred in this District, and Plaintiff maintains its principal offices in this District.

## PARTIES

3. Plaintiff Whitford Worldwide Company ("Whitford") is a business corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 47 Park Avenue, Elverson, Pennsylvania.

4. Defendant Nanochem Technologies, LLC ("Nanochem") is an Indiana limited liability company with its principal place of business located at 1203 Kent Street, Elkhart, Indiana 46514 and does continuing and substantial business in the Commonwealth of Pennsylvania.

5. Defendant GMM Development Limited ("GMM") is an Indiana business corporation with a principal place of business located at 1179 Kent Street, Elkhart, Indiana 46514 and does continuing and substantial business in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

### A.   *Akzo Nobel's Patents and Trade Secrets*

6. Akzo Nobel Coatings International B.V. and its affiliates created certain non-stick coatings, products, and/or formulas that are protected by trade secrets as that term is defined under the Pennsylvania Uniform Trade Secrets Act (the "Act").

7. In addition to its trade secrets, after considerable effort by Akzo Nobel Coatings International B.V. and its affiliates, several inventions relating to non-stick coatings, including, but not limited to, a Multilayer Non-Stick Coating, Non-Stick Coatings and Methods of Forming Same, and an Electrically Conducive Non-Stick Coating were conceived and reduced to practice.

8. After successfully building and testing these coatings and methods of making such coatings, Akzo Nobel Coatings International B.V. and its affiliates prepared and filed U.S. Patent Application Serial Nos. 10/661,725, 10/727,791, 11/153,289, 10/958,097 on September

12, 2003, December 3, 2003, June 15, 2005, and October 4, 2004, respectively, in the U.S. Patent and Trademark Office ("PTO") to protect the new non-stick coating inventions enumerated above.

9.  After thorough examinations by patent examiners in the PTO, the applications were issued by the PTO on March 8, 2005, July 26, 2005, May 20, 2008, and April 8, 2008, as U.S. Letters Patent Nos. 6,863,974; 6,921,787; 7,375,152; and 7,354,648 (the "Issued Patents"). See a copy of the Issued Patents covering the non-stick coating inventions, attached hereto as Exhibit "A."

10. In addition, one of these coating inventions later became the subject of an international patent application, pursuant to the Patent Cooperation Treaty ("PCT"), on February 9, 2009, as international patent application PCT/CN2009/070381 (the "PCT Application"). See PCT Published International Application attached hereto as Exhibit "B."

11. On August 12, 2010, the PCT Application was published as WO 2010/088801 A1. See Exhibit "B."

        B.    *Akzo Nobel's Agreement with Nanochem*

12. On June 2, 2008, Nanochem entered into an agreement (the "Agreement") with Akzo Nobel Non-Stick Coatings, LLC, an affiliate of Akzo Nobel Coatings International B.V. (Akzo Nobel Coatings International B.V., Akzo Nobel Non-Stick Coatings, LLC, and all "Akzo Nobel" affiliates are collectively known and referred to herein as "Akzo Nobel") under the terms of which Nanochem agreed to manufacture certain products for Akzo Nobel (the "Products"), using the inventions and/or trade secrets of Akzo Nobel. See a copy of the Agreement, attached hereto as Exhibit "C."

13.     Pursuant to the Agreement, Nanochem agreed that, *inter alia*, trade secrets, formulas, product specifications, processing know-how, and any samples provided by Akzo Nobel were "confidential information." See Exhibit "C."

14.     The Agreement strictly prohibited Nanochem from analyzing, determining or attempting to determine "the chemical composition and/or physical structure" of the Products "provided to Nanochem except to the extent necessary" to manufacture the Products. See Exhibit "C."

15.     Further, Nanochem was prohibited from disclosing any of Akzo Nobel's confidential information outside of their "processing know-how." See Exhibit "C."

    C.    *Whitford's Acquisition of the Akzo Nobel Patents and Trade Secrets and the Agreements Regarding Same*

16.     In May of 2009, Whitford completed a transaction with Akzo Nobel pursuant to which Whitford acquired all of the liquid non-stick coating business and the powder non-stick coating business for cookware and bakeware of Akzo Nobel throughout the world, including, without limitation, at Akzo Nobel's locations in the United States.

17.     This transaction resulted in Whitford acquiring, among other things, the Products, the invention that was subject to the PCT Application, the Issued Patents and trade secrets.

18.     Whitford also acquired all of Akzo Nobel's rights under the Agreement. In other words, as a result of Whitford's acquisition, it now stands in the shoes of Akzo Nobel under the Agreement.

    D.    *Nanochem, GMM, and their common bond: CCC*

19.     In addition to the above, and by way of further background, GMM, an affiliate of Nanochem, is connected by Nanochem in that it shares much of Nanochem's business operations and also employs a number of people who also work or worked for Nanochem.

20.  These GMM people who work or worked for Nanochem are also former owners and/or employees of Coatings and Chemicals Corporation ("CCC").

21.  CCC sold its assets and technologies to Akzo Nobel in or about 2001 forfeiting any right to use, manufacture, reproduce, sell, or offer to sell the technologies and/or trade secrets that were sold to Akzo Nobel by CCC which now are in the possession of Whitford through the acquisition.

22.  Likewise, the former CCC employees and/or owners, now with GMM, do not have the right to use, manufacture, reproduce, sell or offer to sell the technologies and/or trade secrets that CCC sold to Akzo Nobel and which are now in the possession of Whitford through the acquisition.

    E. *Misappropriation of Trade Secrets and Infringement of the Patents*

23.  In or about March, 2010, Whitford became aware that Nanochem and GMM began using the Products, the inventions covered under the Issued Patents, the trade secrets technologies, and the invention that is the subject of the PCT Application, all of which belonging to Whitford, for their own purposes, including the manufacture and/or sale of non-stick coating products to third parties.

24.  Unbeknownst to Whitford, Nanochem and GMM have been selling to third-parties, products, which were created using Whitford's inventions, trade secrets and/or technologies, which deceived, confused or led these third-parties as to the origin, quality or nature of the products by virtue of their substantial similarity to Whitford's products.

25.  Whitford also became aware that Nanochem and GMM have been using the invention that was subject to the PCT Application to create and/or manufacture products which infringes the invention claims set forth in Whitford's PCT Application.

26.  Nanochem and GMM were prohibited from using any inventions covered under the Issued Patents and/or PCT Application.

27.  Similarly, Nanochem was prohibited by the terms of the Agreement and/or under relevant law from providing GMM, or any other party, the inventions, trade secrets, formulas, product specifications, information and samples that were provided by Akzo Nobel which Whitford acquired.

28.  To protect its rights under the Issued Patents, as well as the Agreement, Whitford, through its counsel, contacted Nanochem, at least four occasions, on March 10, 2010, April 15, 2010, May 7, 2010, and June 10, 2010 to confirm, *inter alia*, Nanochem's compliance with the Agreement. See a copy of the four letters is attached hereto, collectively, as Exhibit "D."

29.  Despite the repeated requests, Nanochem has failed to or otherwise refused to confirm its compliance with the Agreement.

## COUNT I
## PATENT INFRINGEMENT
## (PLAINTIFF v. ALL DEFENDANTS)

30.  Whitford incorporates herein by reference the allegations contained in all of the preceding paragraphs above as though set forth in their entirety.

31.  The claim of patent infringement against all the Defendants arises under 35 U.S.C. § 271.

32.  Defendants manufactured, reproduced, sold, offered to sell, and/or used the invention, which constitutes infringement of patent Nos. 6,863,974; 6,921,787; and 7,375,152 7,354,648 and/or induces infringement of patent Nos. 6,863,974; 6,921,787; 7,375,152; and 7,354,648.

33. Defendants' conduct also infringes the invention covered under the PCT Application.

34. Defendants' acts are deliberate and willful and will continue unless enjoined by this Court.

35. As a result of Defendants' deliberate and willful acts, Whitford has suffered damage, including loss of profits, loss of business, loss of future profits, legal fees, and costs.

WHEREFORE, Plaintiff Whitford Worldwide Company demands judgment against Defendants, Nanochem Technologies, LLC and GMM Development Limited, jointly and severally, for:

(a). Finding that Defendants have infringed Plaintiff's U.S. Letters Patent Nos. 6,863,974; 6,921,787; 7,375,152; and 7,354,648;

(b). Finding that Defendants have infringed the invention covered under PCT/CN2009/070381;

(c). An award of damages against Defendants as a result of the acts complained of herein;

(d). Finding that Defendants' acts were willful and deliberate;

(e). An award of treble damages based on Defendants' willful infringement;

(f). Plaintiff's reasonable attorney's fees and costs;

(g). An award of prejudgment and post judgment interest;

(h). An injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all of the persons in active concert of participation with them, during the pendency of this action and permanently thereafter, from any and all acts of infringement of patent Nos. 6,863,974; 6,921,787; 7,375,152; 7,354,648; and/or PCT/CN2009/070381;

(i). An accounting for profits received by Defendants as a result of the acts complained of herein;

(j). Ordering that all items infringing patent Nos. 6,863,974; 6,921,787; 7,375,152; 7,354,648; PCT/CN2009/070381, complete with their instructions, technical data sheets, and other written literature delivered to Plaintiff; and

(k). For such other and further relief as the Court deems equitable and just.

## COUNT II
## MISAPPROPRIATION OF TRADE SECRETS
## (PLAINTIFF v. ALL DEFENDANTS)

36. Whitford incorporates herein by reference the allegations contained in all of the preceding paragraphs above as though set forth in their entirety.

37. The claim of misappropriation of trade secrets against all the Defendants arises under 12 Pa.C.S.A. § 5300 *et seq.*, the Act.

38. Defendants manufactured, reproduced, sold, offered to sell, and/or used the Plaintiff's trade secrets, all of which constitutes misappropriation as that term is defined under the Act.

39. Defendants' acts are deliberate and willful and will continue unless enjoined or other affirmative action is taken by this court.

40. As a result of Defendants' deliberate and willful acts, Plaintiff has suffered damages, including loss of profits, loss of business, loss of future profits, legal fees, and costs.

WHEREFORE, Plaintiff Whitford Worldwide Company demands judgment against Defendants, Nanochem Technologies, LLC and GMM Development Limited, jointly and severally, for:

(a). Finding that Defendants have misappropriated Plaintiff's trade secrets;

(b). An award of damages against Defendants as a result of the acts complained of herein;

(c). Finding that Defendants' acts were willful and as a result, damages be increased to the maximum amount allowed by law;

(d). Plaintiff's reasonable attorney's fees, interests, and costs;;

(e). An award of prejudgment and post judgment interest;

(f). An injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all of the persons in active concert of participation with them, during the pendency of this action and permanently thereafter, from any and all acts in misappropriation of the trade secrets;

(g). An accounting for profits received by Defendants as a result of the acts complained of herein;

(h). Ordering that all items misappropriated, complete with their instructions, technical data sheets, and other written literature delivered to Plaintiff; and

(i). For such other and further relief as the Court deems equitable and just.

**COUNT III**
**BREACH OF CONTRACT**
**(PLAINTIFF v. NANOCHEM)**

41. Plaintiff incorporates herein by reference the allegations contained in all of the preceding paragraphs above as though set forth in their entirety.

42. Defendant, Nanochem entered into a valid and binding contract (i.e., the Agreement) with Akzo Nobel.

43. Plaintiff, who acquired all of the liquid non-stick coating business and the powder non-stick coating business for cookware and bakeware of Akzo Nobel throughout the world,

including, without limitation, at Akzo Nobel's locations in the United States, now stands in the shoes of Akzo Nobel under the Agreement.

44. When Nanochem used, *inter alia*, the Products, including, but not limited to, the patented materials, trade secrets, formulas, product specifications, information, invention that is the subject the PCT Application, and samples that were provided by Akzo Nobel to Nanochem for its own purpose, it was in breach of the Agreement.

45. Nanochem's breach has caused Plaintiff to suffer damage, including loss of profits, loss of business, and loss of future profits.

WHEREFORE, Plaintiff Whitford Worldwide Company, demands judgment against Defendants, Nanochem Technologies, LLC and GMM Development Limited, jointly and severally, for all direct and consequential damages plus interest, costs of suit, and for such other relief as the Court deems equitable and just.

## COUNT IV
## UNFAIR COMPETITION UNDER THE LANHAM ACT
## (PLAINTIFF v. ALL DEFENDANTS)

46. Plaintiff incorporates herein by reference the allegations contained in all of the preceding paragraphs above as though set forth in their entirety.

47. The unfair competition claim against Defendants arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Defendants, without authorization, represented to various third-parties that certain products were created by the Defendants using Defendants' own trade secrets, patents, formulas, information and/or materials.

10

49. These products, however, were created using Whitford's patented materials, trade secrets, formulas, information, inventions, invention that is the subject of the PCT Application, and/or samples.

50. These products deceived, confused or led these third-parties as to the origin, quality or nature of the products by virtue of their substantial similarity to Whitford's products

51. These unsuspecting third-parties paid Defendants for, used and/or came into possession of the products made by Defendants, believing that these products have the same original, quality or nature of the products made by or belonging to Whitford.

52. But for Defendants' conduct, these third-parties would never have purchased these products.

53. Defendants' profited from the unauthorized use of Plaintiff's patents, trade secrets, formulas, information, inventions, invention that is the subject of the PCT Application, and/or samples.

54. Defendants' deceptive conduct constitutes false advertising and/or unfair competition within the meaning of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

55. As a result of Defendants' unfair practices, Plaintiff's have suffered damages, including loss of profits, loss of business, loss of future profits, legal fees and costs.

WHEREFORE, Plaintiff Whitford Worldwide Company demands judgment against the Defendants, Nanochem Technologies, LLC and GMM Development Limited, jointly and severally, for all damages plus interest, costs of suit, and punitive damages for their intentional, willful, and deceptive conduct, and for such other relief as the Court deems equitable and just.

## COUNT V
## CONVERSION
### (PLAINTIFF v. ALL DEFENDANTS)

56. Plaintiff incorporates herein by reference the allegations contained in all of the preceding paragraphs above as though set forth in their entirety.

57. Defendants had no authority to take, retain or use the Products, including, but not limited to, the Patents, the invention that is the subject of the PCT Application, and trade secrets.

58. Plaintiff's Products, including, but not limited to the Patents, the invention that is the subject of the PCT Application, and trade secrets are the property of and rightfully belong to the Plaintiff.

59. Plaintiff's property was knowingly and intentionally converted by Defendants and Defendants had no interest in, or right to receive or lawful right to take possession of, the property.

60. Defendants acted with the intent of permanently dispossessing Plaintiff of the Plaintiff's property.

61. Defendants have failed and refused to return the property to Plaintiff even though they have no legal or factual basis to retain the property.

62. Defendants' actions in intentionally, wrongfully and purposefully taking possession of the Plaintiff's property, the fraudulent manner in which Defendants dispossessed the Plaintiff of the property, and the complete absence of any right of Defendants to the property, constitutes such intentional, willful and malicious actions as to entitle the Plaintiff to recover punitive damages.

WHEREFORE, Plaintiff Whitford Worldwide Company demands judgment against the Defendants, Nanochem Technologies, LLC and GMM Development Limited, jointly and

severally, for damages, plus interest, costs of suit, and punitive damages for their intentional, willful, wanton and reckless conduct, and for such other relief as the Court deems equitable and just.

                                              Submitted by:

                                              WEIR & PARTNERS LLP

                           By:   _____
                                              Edward T. Kang
                                              Benjamin E. Schmidt
                                              The Widener Building, Suite 500
                                              1339 Chestnut Street
                                              Philadelphia, PA 19107
                                              215-665-8181
                                              215-665-8464 (fax)
                                              ekang@weirpartners.com
                                              bschmidt@weirpartners.com
                                              Attorneys for Plaintiff

Dated:  November 29, 2010